**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| AMANDA HAUGHT, Parent and Natural Guardian of her minor children, CS and RS, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| HART COUNTY SCHOOL DISTRICT, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

<u>**RENEWAL COMPLAINT**</u>

Plaintiff Amanda Haught, on behalf of her minor children, CS and RS, brings this Renewal Complaint for Damages against Defendant Hart County School District for their violations of CS and RS's rights under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.*, 42 U.S.C. § 1983, showing this Court as follows:

**PREFATORY STATEMENT**

Prior to the filing of the instant action, on October 30, 2018, Plaintiff, by and through her counsel, sent via certified mail to the Superintendent of the Hart County School District, members of the Hart County School District, members of the Hart County Board of Commissioners, Lydia Bennett, Principal of South Hart Elementary School, and Brandon Johnson, Mayor of City of Hartwell, Ante-Litem notices pursuant to O.C.G.A. § 36-11-1. (Copies of Plaintiff's Ante-litem letter and return receipt are attached as Exhibit "1").

**RENEWAL ACTION**

1.

This is a renewal action filed within the original statute of limitations pursuant to
O.C.G.A. § 9-2-61. The previous suit, initially filed on April 20, 2020 (Case No. 20HV00185) in
the Superior Court of Hart County, and subsequently removed to the United States District Court
for the Middle District of Georgia, Athens Division (Civil Action No. 3:20-cv-00063-CDL), was
voluntarily dismissed without prejudice on November 19, 2021, and the dismissal of this action
was not based on the merits. Plaintiff's claims against Defendant in the present action are the
same claims based on the same facts and circumstances as the original action.

2.

Plaintiff properly served the Defendant within the statute of limitations and Defendant
filed its Answer on April 20, 2021. Plaintiff is entitled to renew her Complaint against the
Defendant. The action renewed herein was not void and was such a valid action as may be
renewed under O.C.G.A. § 9-2-61.

3.

Pursuant to O.C.G.A. § 9-2-61, Plaintiff is entitled to re-file her suit within the original
statute of limitations or within six months of the dismissal date, whichever is later.

4.

Plaintiff has paid any and all costs from the dismissed action

**PARTIES, JURISDICTION AND VENUE**

5.

Plaintiff Amanda Haught (hereinafter referred to as "Ms. Haught") and her minor children
CS and RS are currently residents of Florida, residing at 1085 Atlantic Blvd, Apt. 57, Atlantic

Beach 32233, and submit to the jurisdiction and venue of this Court. At all times relevant to this Complaint, CS and RS were students at South Hart Elementary School.

6.

Defendant Hart County School District (hereinafter referred to as "Hart County") is a public-school system engaged in providing education to the children in Hart County operating under the laws of the State of Georgia with its primary place of business located at 284 Campbell Drive, Hartwell, Hart County, Georgia 30643.

7.

Defendant Hart County may be served through its Superintendent, Jaybez Floyd, at 284 Campbell Drive, Hartwell, Hart County, Georgia 30643.

8.

Defendant Hart County is a recipient of federal funds within the meaning of 20 U.S.C. § 1681, *et seq.*

9.

Jurisdiction is proper because Defendant is a resident of Georgia and committed tortious acts and omissions in Georgia, including the tortious acts and omissions giving rise to this Complaint and are deemed to be residents of the State of Georgia within this Judicial District and Division. 28 U.S.C. § 1332(c)(2).

10.

Venue is proper in this Court is located in and maintains a registered agent for service of process in this Division and District and a substantial part of the events or omissions giving rise to the claim occurred in this Division and District.

11.

This Court has jurisdiction over the subject matter of this Complaint and Defendant.

## APPORTIONMENT OF FAULT

12.

Under Georgia law, defendants in civil cases may attempt to shift fault to other defendants, or other persons/entities who are not parties to the lawsuit. This is called apportionment.

13.

Although defendants can apportion fault away from themselves in any case, that apportionment will reduce the verdict (and judgment) against them only when Plaintiff sues more than one defendant. *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 351 (2021).

14.

If Plaintiff sues only one defendant, that defendant may argue that fault should be apportioned to others during the trial, and the jury may ultimately apportion fault to others, but the single defendant will, itself, be liable for the entire amount of the verdict, without regard to any apportionment. *Id.* In other words, the full amount of the judgment will be entered against the single defendant, without regard to any apportionment, and without any reduction to the judgment as a result of any apportionment. *Id*.

15.

Since Plaintiff here has sued only one defendant, the jury's apportionment in this case will not affect the Court's judgment, if any, against Defendant Hart County, who will be liable for the entire amount of any verdict in favor of Plaintiff.

## FACTUAL BACKROUND

16.

Ms. Haught is the natural parent of her minor children CS and RS.

17.

At all times pertinent to this Complaint, CS and RS were students at South Hart Elementary School in Hartwell, Georgia under the care and supervision of Defendant Hart County, through its agents and employees.

18.

At all times relevant to this Complaint, Brandon Cannon ("Cannon") was employed as a second-grade teacher and tutor at South Hart Elementary School.

19.

During the 2014-2015 school year, CS was in the first grade and RS started kindergarten, both attending South Hart Elementary School.

20.

According to South Hart Elementary School's Title I Schoolwide/School Improvement Plan, "[t]o assist South Hart students who need supplementary instruction … After-school Tutoring is provided by highly qualified and certified teachers for Reading and Math beginning in Fall each year."

21.

Cannon was CS's second grade teacher. Bennett specifically recommended to Plaintiff that Cannon provide after-school tutoring sessions to CS and RS.

22.

In or around the Fall of 2015, CS began attending after-school tutoring sessions with Cannon twice a week. These tutoring sessions lasted approximately two hours each.

23.

In or around the Spring of 2016, RS began attending tutoring sessions with Cannon. Initially, Cannon's after-school tutoring sessions with CS and RS on campus at school. Going into the 2016-2017 school year, CS and RS continued tutoring with Cannon. For these tutoring sessions, Cannon would pick up CS from school and take him to Cannon's home. Plaintiff would then pick up CS and RS at Cannon's home.

24.

After school, Cannon would take both CS and RS with him to his home, and Plaintiff would pick up both boys at Cannon's house.

25.

Initially, Cannon tutored the boys twice a week, but then it changed to three times a week.

26.

Cannon had numerous pictures of him and RS on his Facebook page. Cannon also would have CS and RS spend the night with him.

27.

Both CS and RS continued attending tutoring sessions with Cannon at his home until the first half of the 2017-2018 school year when CS was in fourth grade and RS was in the third grade.

28.

During the time CS and RS were students at South Hart Elementary School, both CS and RS were victims of a systematic and targeted pattern of sexual abuse by Cannon.

29.

Cannon, while an employee and agent of Defendant Hart County, preyed upon CS and RS and engaged in a practice called "grooming" whereby Cannon conditioned CS and RS to place their trust with him.

30.

Cannon exploited his relationship with CS and RS by engaging in inappropriate and abusive behavior, including rectal penetration with RS, providing alcohol to RS, forcing CS and RS to drink cough syrup, sleeping together in the same bed with RS, showering naked with RS, allowing RS and CS to urinate in front of Cannon, showing his genitalia to both CS and RS, and going to the bathroom together with CS and RS at the same time.

31.

Cannon willfully and maliciously engaged in said abusive actions against CS and RS with the intent to cause the harm suffered by CS and RS.

32.

The utterly reprehensible conduct committed by Cannon was known to Lydia Bennett ("Bennett") while she was Principal of South Hart Elementary School and Jaybez Floyd ("Floyd") while he was Superintendent of the Hart County School District.

33.

Bennett failed provide for the safety and supervision of CS and RS by personally recommending Cannon to Ms. Haught to tutor CS and RS.

34.

Cannon utilized his authority as a teacher to create the opportunity for and to facilitate his sexual abuse of CS and RS. Specifically, Cannon's inappropriate conduct towards CS and RS

started at South Hart Elementary, Cannon held his authoritative position as a teacher over CS and RS's heads, and Cannon took advantage of his position as a teacher and tutor to create the opportunity to be alone and make improper sexual contact with CS and RS.

35.

In the beginning of the 2015 school year, over a year before the abuse of CS and RS by Cannon began, the parents of a young male student in Cannon's class reported to Bennett that Cannon engaged in inappropriate, abusive conduct with the young male student and would repeatedly have the young male student sit in his lap at school. The parents had a meeting about the incident with Bennett and the assistant principal.

36.

On October 14, 2015, Cannon was verbally reprimanded for his inappropriate, abusive conduct and for repeatedly having young male students sit in his lap. Cannon was told that such behavior was inappropriate and could be perceived as an ethics violation.

37.

On September 2, 2016, a South Hart Elementary second-grade teacher reported Cannon for engaging in inappropriate, abusive conduct with a male second grade student who Cannon would repeatedly touch and have sit in his lap during recess. Being the second incident, the administration suspended Cannon for one day.

38.

On April 18, 2017, a South Hart Elementary second-grade teacher reported Cannon for engaging in inappropriate, abusive conduct with a young male student after witnessing Cannon touching and having his arm around the young male student in an intimate fashion and tickling the

young male student while his class was watching a movie. The administration failed to take any disciplinary action towards Cannon.

39.

On April 27, 2017, two South Hart Elementary second-grade teachers separately reported Cannon for engaging in abusive conduct after witnessing Cannon inappropriately hugging and aggressively kissing RS in the school cafeteria.

40.

After the April 27, 2017 incident, Bennett, Assistant Superintendent Jennifer Carter, and Superintendent Jaybez Floyd had a meeting with Cannon regarding the incident. Bennett advised Cannon that "future reported actions from either the mother, co-workers, or students would be handled appropriately." However, other than this warning, the administration failed to take any disciplinary action towards Cannon, and Ms. Haught was not made aware of the incident.

41.

The administration's repeated failure to take action amounted to an official decision by the school district to not remedy the situation.

42.

By failing to take action, there remained a constant potential for further abusive interactions between Cannon and CS and RS.

43.

Defendant's deliberate indifference to Cannon's reported actions and their official decision not to remedy the situation caused CS and RS to undergo further sexual abuse by Cannon on numerous occasions at Cannon's home.

44.

In May of 2017, Ms. Haught received a phone call from South Hart Elementary School stating that RS had mentioned sleeping in the same bed as Cannon. When Ms. Haught questioned the boys, CS stated that he slept on the couch while RS slept in Cannon's bed.

45.

During summer in 2017, the boys were staying over at Cannon's and Ms. Haught could not get in touch with Cannon. At approximately 10:00 pm, Ms. Haught drove over to Cannon's house and let herself in. Inside, she found CS asleep on the couch and RS sleeping with Cannon in his bed.

46.

At all times relevant to this Complaint, CS and RS were minors.

47.

On September 25, 2017, after Ms. Haught had found RS sleeping in the same bed as Cannon, Ms. Haught called and reported this incident to South Hart Elementary School and stated that she had become uncomfortable with Cannon's relationship with her children. Ms. Haught then requested that Cannon be removed from the list of individuals approved to pick up CS and RS from school.  However, Cannon continued to see CS and RS. Specifically, Cannon continued to take CS and RS from school despite Ms. Haught's notification to the School to remove these privileges.

48.

On September 27, 2017, Bennett and Assistant Superintendent Jennifer Carter held a meeting with Cannon to discuss Ms. Haught's report. However, no disciplinary action was taken against Cannon. Instead, Bennett advised Cannon that if Haught "made any accusations,

complaints, or voiced any concerns about the relationship between him and her children that the school would be forced to turn the matter over to authorities and let them conduct their own investigation about her accusations."

49.

After Ms. Haught ceased all contact between Cannon and the boys, RS's grades started declining in school. Cannon repeatedly confronted and harassed RS in the hallway at school, which affected RS emotionally. RS began exhibiting emotional issues. RS started biting his own arms and pulling out his hair. More recently, Ms. Haught has found RS cutting himself with pieces of broken glass.

50.

Later that Fall, CS revealed to Ms. Haught that RS never wanted to return back to Cannon's house because Cannon would watch RS shower along with washing him. When asked about the incident, RS got very upset and began crying. RS then told Ms. Haught that Cannon had touched him in his private area. This abuse occurred between January 2017 and December 31, 2017.

51.

On December 4, 2017, Ms. Haught and RS had a meeting with Bennett. Ms. Haught disclosed to Bennett that Cannon had touched her son's penis while he was in the shower. Ms. Haught did not have any contact with Cannon after this point.

52.

At the end of the meeting on December 4, 2017, Bennett advised Ms. Haught to handle the situation herself and did nothing with this information. Bennett appeared protective of Cannon and her conduct actively condoned Cannon's horrific actions.

53.

Despite having reasonable cause to believe that suspected child abuse had occurred, Defendant violated its mandatory reporting obligations by failing to report said child abuse in in accordance with O.C.G.A. § 19-7-5.

54.

After leaving South Hart Elementary School, Ms. Haught drove to the police station to report Cannon. The discovery of this unlawful behavior resulted in Cannon's arrest the following day on December 5, 2017.

55.

On December 5, 2017, the GBI conducted a forensic interview with RS. During the interview, when asked about "a touch he does not like," RS stated that a touch he did not like was when "people are gay" and Cannon was "gay." RS stated that people should not be touched in their "peepee, nipples, and butt." RS stated that Cannon touched RS in those places more than one time.

56.

During his forensic interview, RS provided that these incidents occurred at Cannon's house inside, and that RS never wanted to go to Cannon's house again. RS stated that Cannon should feel ashamed of himself because RS was a child. RS stated that when Cannon touched him, he felt "yuckie," and just wanted to get away from him. RS thought Cannon was a bad person and that the abuse made RS a bad person too.

57.

Further along in the interview, RS told the interviewer that the first time Cannon abused RS was after they had taken a field trip to the World of Coke. On this occasion, Cannon touched RS's penis on top of his clothing. RS provided that one night after they watched a movie, Cannon

touched his penis and butt while they were sleeping in bed together. RS further stated that Cannon "touched him every day" and that RS saw Cannon's "peepee" every day and described it as "hairy." RS stated that Cannon would touch his penis in front of RS and then he would start trying to touch RS's penis.

58.

RS further provided to the interviewer that Cannon would look into the shower while RS was in there and this happened on multiple occasions. RS also stated that Cannon tutored other boys at his house and that he abused them as well.

59.

Immediately after RS's interview, the GBI began a forensic interview with CS. CS stated that Cannon would go into the bathroom with RS every time RS would shower, and that Cannon would help wash RS. CS also provided that while Cannon and RS were watching movies together, Cannon would wrap his arms and legs around RS.

60.

CS told the GBI interviewer that Cannon told the boys not to tell anyone because it was a secret. CS stated that he did not know what the secret was, but he said RS did know the secret.

61.

Later, RS and CS revealed to Ms. Haught that Cannon used to make them drink red or orange cough syrup all the time and they did not like it. The boys told her that Cannon referred to the cough syrup as "special juice." The boys also disclosed that Cannon had given them alcohol on more than one occasion.

62.

Shortly after news broke of Cannon's arrest, an additional South Hart Elementary school student disclosed to a teacher, and later to GBI agents, that he had also been repeatedly sexually abused by Cannon.

63.

On December 13, 2018, the Georgia Professional Standards Commission found probable cause that Cannon breached the Code of Ethics and recommended the sanction of revoking his teaching certificate. In February of 2018, Cannon was indicted on four counts of Child Molestation.

64.

Besides written warnings and a one-day suspension in September of 2016, Defendant failed to take any disciplinary action against Cannon despite receiving numerous credible reports of his inappropriate conduct with students including but not limited to CS and RS.

65.

Even after Cannon's arrest, Defendant never fired Cannon from his position as a second-grade teacher with the school but allowed him to remain employed.  Instead, Bennett and Floyd appeared to be protective of Cannon and decided to retain Cannon as an employee even after Cannon was indicted on four counts of Child Molestation.

66.

Cannon remained an employee of Defendant Hart County until Cannon submitted a letter of resignation to Hart County Superintendent Jaybez Floyd on February 15, 2018.

67.

According to GBI records, a digital extraction of Cannon's mobile device revealed a video taken by Cannon of two minor boys running around naked outside under Cannon's supervision. Both of the minors were former students of Cannon.

68.

GBI records reveal that Cannon had more than fifty (50) pictures of himself and RS on his cell phone. Several of these pictures display Cannon with his arms and legs inappropriately wrapped around RS.

69.

GBI records reveal several deleted images extracted from Cannon's cell phone, including two images of male penises, an image of Cannon with a juvenile male sitting on his lap, an image of Cannon dressed as an elderly woman, and an image of Cannon with a juvenile male on his lap and both are wearing blue eyeshadow.

70.

GBI records reveal that Cannon's Google history included searches for "Hot blonde boys," "Ginger boys," and "Naked jocks," among others.

71.

In April of 2019, Cannon was acquitted at his criminal trial.

72.

On October 7, 2019, Cannon submitted an Answer to the Statement of Matters Asserted filed by the Georgia Professional Standards Commission to revoke Cannon's teaching license. In his Answer, Cannon admitted that he had a personal relationship with RS and would sleep in the same bed with RS at night.

73.

On November 20, 2019, the Georgia Professional Standards Commission accepted the voluntary surrender and revocation of Cannon's teaching certificate.

74.

The discrimination which Defendant engaged in and allowed to occur, as well as the devastating impact this experience had on CS and RS's educational opportunities, has since caused Plaintiff to withdraw CS and RS from South Hart Elementary School. The sexual abuse and subsequent inaction by Defendant effectively barred CS and RS access to an educational opportunity and/or benefit, namely pursuing an education at South Hart Elementary School. In addition, these events eventually caused Plaintiff's family to leave the community altogether. As a result, Defendant deprived CS and RS of numerous educational opportunities and benefits.

75.

At all times relevant, Cannon was in a confidential relationship with minors CS and RS and was therefore situated to exercise a controlling influence over their will, conduct, and interests, as defined by O.C.G.A. § 23-2-58.

76.

At all times relevant, Cannon was acting within the course and scope of his employment with Defendant Hart County.

77.

At all times relevant, Cannon acted under the color of his employment for Defendant Hart County.

78.

At all times relevant, Cannon was an agent and employee of Defendant Hart County.

## COUNT I
## DELIBERATE INDIFFERENCE IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681, *et seq.*

79.

Title IX of the Education Amendments of 1972 provides, with certain exceptions, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

80.

Defendant receives federal financial assistance pursuant to Title IX.

81.

As a result of prior allegations of sexual misconduct and numerous instances of reporting, Defendant Hart County had actual knowledge of Cannon's inappropriate conduct towards minor students, sexual abuse, sexual harassment, assault, and battery against CS and RS.

82.

CS and RS suffered teacher on student sexual abuse and harassment, which is considered sex discrimination prohibited by Title IX.

83.

Defendant Hart County had actual knowledge of the sexual abuse and harassment CS and RS continued to suffer after receiving reports of Cannon's sexual abuse and harassment.

84.

Defendant Hart County's administrators, employees, and agents with actual knowledge of the numerous reports against Cannon had the authority and ability to investigate and take

17

meaningful corrective action to remediate the sexual abuse, sexual harassment, and the hostile educational environment CS and RS suffered, but failed to do so.

85.

Defendant Hart County's failure to take meaningful disciplinary or corrective action against Cannon – while CS and RS continued to be sexually abused and harassed – and multiple failures to take corrective action to remediate the sexual abuse, sexual harassment, and hostile educational environment that CS and RS experienced, after reports of Cannon's actions, were clearly unreasonable in light of the known circumstances, including the fact that Cannon had been accused of sexual abuse of another student over a year earlier.

86.

Through its actions and inaction, Defendant Hart County created a climate in which sexual abuse and harassment was tolerated, thus encouraging Cannon's sexual abuse and harassment against CS and RS, and proximately caused severe injuries to CS and RS.

87.

As a result of Defendant Hart County's deliberate indifference, CS and RS were subjected to additional sexual abuse and harassment by Cannon.

88.

The sexual abuse, harassment, assault, and battery Cannon inflicted upon CS and RS was severe, pervasive, and objectively offensive, and effectively barred CS and RS access to educational opportunities and benefits.

89.

The sexual abuse, harassment, assault, and battery inflicted upon CS and RS, along with Defendant Hart County's refusal to take any meaningful action in response to reports of Cannon's

sexual misconduct and harassment against CS and RS, effectively barred CS and RS's access to educational opportunities and benefits. Defendant Hart County's actions caused Ms. Haught to withdraw CS and RS from South Hart Elementary School and to eventually leave the community altogether. As a result, Defendant Hart County deprived CS and RS of numerous educational opportunities and benefits.

90.

By its actions and inaction, Defendant Hart County acted with deliberate indifference toward the rights of CS and RS to a safe and secure educational environment, thus materially impairing their ability to pursue their education at South Hart Elementary in violation of the requirements of Title IX.

91.

Specifically, Defendant Hart County violated Title IX by *inter alia*:

a. Choosing to take sides against CS and RS, by refusing to discipline Cannon;

b. Ignoring earlier complaints and reports regarding Cannon's sexual abuse, harassment and misconduct of another student over a year before the misconduct against CS and RS, or being deliberately indifferent thereto;

c. Ignoring complaints and reports regarding Cannon's sexual abuse, harassment, and misconduct against CS and RS, or being deliberately indifferent thereto;

d. Failing to conduct an unbiased investigation into reports of Cannon's sexual misconduct, or being deliberately indifferent thereto;

e. Requiring CS and RS to protect themselves against further sexual abuse, harassment, and misconduct following reports against Cannon;

f.  Protecting and insulating Cannon, despite numerous credible and consistent reports of Cannon's sexual misconduct against young male students, including CS and RS;

g.  Creating a climate that tolerated sexual abuse and harassment against CS and RS, or being deliberately indifferent thereto;

h.  Failing to develop or adopt policies and procedures to properly address complaints of teacher on student sexual abuse, harassment, assault, and battery, and post-report sexual abuse and harassment;

i.  Failing to provide policy, procedures, or training for administrators, employees, students, and students' parents about sexual abuse and harassment;

j.  Failing to follow existing policies and procedures, or training regarding reports of teacher on student sexual abuse and harassment, including Georgia's mandatory reporter laws;

k.  Failing to discipline Cannon and/or Defendant Hart County's employees and agents identified herein for their willful disregard to the CS and RS's safety and rights, or being deliberately indifferent thereto;

l.  Failing to provide, offer, recommend, or coordinate adequate psychological counseling and academic assistance and services to CS and RS after they were sexually abused, harassed, assaulted, and battered by Cannon, or being deliberately indifferent thereto; and

m.  Through other actions, inaction, and deliberate indifference.

92.

As a direct and proximate result of Defendant Hart County's action, inaction, and deliberate indifference, CS and RS sustained and continue to sustain injuries for which they are entitled to be compensated, including but not limited to:

a. Past, present, and future physical and psychological pain, suffering, and impairment;

b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c. A marred educational record, and impaired education capacity and future earning capacity;

d. Attorneys' fees and costs; and

e. Such other further relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS - 42 U.S.C. § 1983

93.

42 U.S.C. § 1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against defendants who have acted under color of state law. Plaintiff, on behalf of her minor children, CS and RS, had a constitutional right not to be sexually abused while in the care of Defendant Hart County and CS and RS have a constitutional due process liberty interest to bodily integrity.

94.

At all times relevant to this Complaint, the conduct of Defendant was subject to 42 U.S.C. § 1983.

95.

At all times relevant to this Complaint, Cannon, as a teacher at South Hart Elementary School, was acting under the direction and control of the School District.

96.

Acting under color of law and pursuant to official policy and/or custom, Defendant Hart County knowingly, recklessly, and/or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Cannon in his duties to refrain from depriving CS and RS of their statutory rights under Title IX and/or their substantive due process rights guaranteed by the Fourteenth Amendment.

97.

Before Cannon was arrested based upon Ms. Haught's report, Defendant Hart County had actual knowledge of the severe and pervasive sexual harassment, abuse, assault, and battery on RS and CS as well as other reports of similar instances of abuse of other students by Cannon at the School.

98.

Through these reports, both principal Bennett and superintendent Floyd had actual knowledge of Cannon's abuse, which provided Defendant Hart County with actual and constructive notice of Cannon's abuse.

99.

Before Cannon was arrested based upon Ms. Haught's report, Defendant Hart County should have known of the severe and pervasive sexual harassment, abuse, assault, and battery of CS and RS by Cannon.

100.

Defendant Hart County had the power to prevent or aid in preventing the commission of the aforementioned deprivation of CS and RS's federal statutory rights, and could have done so by

exercising reasonable diligence, yet Defendant Hart County knowingly, recklessly, and/or with gross negligence failed or refused to do so.

101.

Defendant Hart County had actual and constructive notice and knowledge of Cannon's persistent pattern of abuse and illegal conduct towards minor male students, including CS and RS, as there were multiple reports of abuse to Bennett, and both Bennett and Floyd met with Cannon to address these reports but failed to take any further action.

102.

Defendant Hart County directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Cannon described herein.

103.

Defendant Hart County had an affirmative constitutional duty to protect CS and RS's right to bodily integrity, including protection from sexual abuse by one of its employees.

104.

Defendant Hart County, under color of law, failed to maintain and/or enforce policies, customs, practices, and training to prevent a violation of federal statutory and constitutional rights, rendering the Defendant Hart County deliberately indifferent to CS and RS's federally guaranteed rights under Title IX and their liberty interest in their bodily integrity as protected by the substantive due process clause of the Fourteenth Amendment. Defendant Hart County's policies, practices, acts, and omissions placed CS and RS at unreasonable and foreseeable risk of being sexually abused by Cannon.

105.

Despite having subjective knowledge of the risk of serious harm to its students, Defendant Hart County acted with deliberate indifference towards the safety and wellbeing of its students, including CS and RS, in disregarding that serious risk. This conduct includes, but is not limited to, Defendant Hart County's failure to take required action in response to multiple credible reports of Cannon's abusive conducts towards students, including CS and RS, which established a clear and persistent pattern of abuse by Cannon. Defendant failed to report these allegations to authorities or parents and instead allowed Cannon to remain employed and did not even terminate him after he was indicted on four counts of Child Molestation, thereby establishing a custom of deliberate indifference to abuse.

106.

Defendant Hart County had subjective knowledge of the risk of serious harm to students through receipt of multiple credible reports of Cannon's abuse, yet Defendant Hart County deliberately disregarded that risk by failing to take appropriate action in the face of Cannon's persistent pattern of abuse against minor male students.

107.

Despite Defendant Hart County's actual and constructive knowledge of the persistent pattern of abuse by Cannon, its employee, Defendant Hart County tacitly approved and deliberately ignored the abuse, such that Defendant Hart County's inaction established a custom of deliberate indifference to abuse.

108.

Defendant Hart County was aware of Cannon's abusive conduct towards students for over a year before CS and RS were abused, but Defendant Hart County failed to take any action to end Cannon's pattern of abuse, which resulted in CS and RS's abuse.

109.

Defendant Hart County's custom of deliberate indifference to abuse was the "moving force" behind the violation of CS and RS's constitutional rights as it directly resulted in the continued abuse of CS and RS.

110.

Defendant Hart County's senior officials, including Principal Bennett, Assistant Superintendent Jennifer Carter, and Superintendent Jaybez Floyd, made express decisions to retain Cannon and to not take any action to end Cannon's pattern of abuse, despite receiving multiple credible reports of Cannon's abuse towards young male students. These individuals were vested with ultimate, non-reviewable decision-making authority regarding credible reports of teacher-on-student abuse and ultimately approved and implemented the policy and custom of deliberate indifference to abuse.

111.

As a direct and proximate cause of the negligent and intentional acts of Defendant Hart County as set forth above, CS and RS suffered sexual abuse, mental anguish, and a denial of educational benefits in connection with the deprivation of their federal statutory rights guaranteed under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, the substantive due process clause of the Fourteenth Amendment, and protected by 42 U.S.C. § 1983.

**COUNT III**
**VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983)**

112.

Plaintiff brings this action under 42 U.S.C. § 1983, which allows for claims against defendants acting under the color of law depriving an individual of their constitutionally protected rights, for treating CS and RS and other males differently than other genders thereby violating CS and RS's right to equal protection of the law as provided by the Fourteenth Amendment.

113.

Upon information and belief, Defendant's express policies required it to adequately train and/or supervise school employees to:

a. Appropriately discipline employees, including Cannon;

b. Investigate complaints raised by students and employees regarding sexual harassment, physical abuse, or inappropriate conduct by Cannon;

c. Protect students like CS and RS from sexual harassment, physical abuse, or inappropriate conduct;

d. Adequately supervise employees like Cannon that posed a substantial risk of harm to others;

e. Adequately supervise and monitor students like RS and CS;

f. Know of the whereabouts of all employees and students;

g. Monitor surveillance cameras at all times;

h. Monitor and employ effective key control measures;

i. Suspend, discipline, remove, or report employees like Cannon who had a history of inappropriate conduct with students;

26

j.  Properly notify the parents/legal guardians whenever an employee engages in inappropriate conduct with a student;

k.  Institute reasonable corrective measures aimed at preventing known aggressors and harassers like Cannon from engaging in inappropriate conduct with students;

l.  Warn students, parents/legal guardians, and other employees of employees like Cannon that have a history of inappropriate conduct with students;

m.  Adequately train school employees on how to handle complaints of sexual harassment, physical abuse, or inappropriate conduct;

n.  Make a record of incidents involving harassment, abuse, or inappropriate conduct involving employees like Cannon; and

o.  Remove violent and dangerous employees from their positions.

114.

Upon information and belief, Defendant and its agents violated their own policies by failing to adequately train or supervise school employees to:

a.  Appropriately discipline employees, including Cannon;

b.  Investigate complaints raised by students and employees regarding sexual harassment, physical abuse, or inappropriate conduct by Cannon;

c.  Protect students like RS and CS from sexual harassment, physical abuse or inappropriate conduct;

d.  Adequately supervise employees like Cannon that posed a substantial risk of harm to others;

e.  Adequately supervise and monitor students like RS and CS;

f.  Know of the whereabouts of all employees and students;

g.  Monitor surveillance cameras at all times;

h.  Monitor and employ effective key control measures;

i.  Suspend, discipline, remove, or report employees like Cannon who had a history of inappropriate conduct with students;

j.  Properly notify the parents/legal guardians whenever an employee engages in inappropriate conduct with a student;

k.  Institute reasonable corrective measures aimed at preventing known aggressors and harassers like Cannon from engaging in inappropriate conduct with students;

l.  Warn students, parents/legal guardians, and other employees of employees like Cannon that have a history of inappropriate conduct with students;

m.  Adequately train school employees on how to handle complaints of sexual harassment, physical abuse, or inappropriate conduct;

n.  Make a record of incidents involving harassment, abuse or inappropriate conduct involving employees like Cannon; and

o.  Remove violent and dangerous employees from their positions.

### 115.

Defendant's failure and refusal to act in accordance with their policy, training, and procedures was because RS and CS are male.

### 116.

Upon information and belief, Defendant and its agents have acted differently and followed their training, policy, and procedures when allegations of sexual abuse or inappropriate conduct have been made involving female students at the school.

117.

Upon information and belief, Defendant and its agents have/would not allow employees accused of inappropriate/abusive conduct with female students to remain at the school, nor have/would they simply done nothing to prevent sexual abuse after being put on notice of a subordinate's history of inappropriate conduct towards young students.

118.

Upon information and belief, due to RS and CS being male students, Defendant and its agents treated RS and CS differently by choosing to deliberately disregard, without investigation or inquiry, all the reports regarding Cannon's inappropriate conduct with children.

119.

Upon information and belief, Defendant and its agents actions in treating RS and CS differently due to their sex/gender is discriminatory and violated the Equal Protection rights afforded to RS and CS under the Fourteenth Amendment.

120.

As a direct and proximate result of Defendant and its agents deliberate indifference to Cannon's sexually inappropriate conduct towards male students, including CS and RS, Defendant's and its agents discriminated against CS and RS on the basis of gender causing CS and RS to suffer physical, emotional, and psychological injury.

121.

Plaintiff is entitled to recover from Defendant all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under federal law.

## COUNT IV
## <u>ATTORNEY'S FEES</u>

### 122.

Defendant and its agents' actions constitute willful, intentional, and tortious conduct. Every intentional tort involves an element of bad faith that entitles a person to recover the expenses of litigation, including attorney's fees.

### 123.

The actions of Defendant and its agents and representatives have caused Plaintiff unnecessary trouble and expense.

### 124.

Plaintiff is entitled to recover the necessary expenses of litigation, including her attorney's fees from the Defendant pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff, on behalf of her minor children CS and RS, pray and respectfully demand verdict and judgement as follows:

a.   That summons and process issue and that Defendant be served with the summons and a copy of this Complaint as provided by law, and that said Defendant be required to appear and answer;

b.   That Plaintiff be awarded compensatory damages against the Defendant for the emotional and physical injuries sustained by her children CS and RS in an amount as may be determined by the enlightened conscience of an impartial jury as shall be shown by the evidence;

c.   That Plaintiff be awarded special damages against the Defendant for the medical expenses of her minor children, CS and RS in such amounts as shall be shown by the evidence and proven at trial;

d.  That Plaintiff be awarded compensatory damages against Defendant, for the conscious pain and suffering of her minor children CS and RS, in such amounts as may be determined by the enlightened conscience of an impartial jury as shall be shown by the evidence;

f.  That Plaintiff be awarded attorney's fees and costs in pursuing this action;

g.  That Plaintiff be granted a trial by jury;

h.  That Defendant be charged with all court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case; and

i.  That Plaintiff be granted such other and further relief that may be supported by the evidence and as this Court deems just and proper.

Respectfully submitted this 1ˢᵗ day of April, 2022.

**PENN LAW LLC**

*/s/ Darren W. Penn*
DARREN W. PENN
Georgia Bar No. 571322
darren@pennlawgroup.com
KEVIN M. KETNER
Georgia Bar No. 418233
kevin@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655



# PENN LAW
## — L L C —

October 30, 2018

**Via Email, Federal Express & Certified Mail**
**RRR # 9414711899560740294174**
**David Hicks, Superintendent**
**Hart County School District**
**284 Campbell Drive**
**Hartwell, GA 30463-2223**

**Via Email, Federal Express & Certified Mail**
**RRR# 9414711899560741004871**
**Dennis Dowell, District 5**
**Hart County School District**
**284 Campbell Drive**
**Hartwell, GA 30463-2223**

**Via Email, Federal Express & Certified Mail**
**RRR # 9414711899560740298936**
**Lonnie Robinson, District 1**
**Hart County School District**
**284 Campbell Drive**
**Hartwell, GA 30643-2223**

**Via Email, Federal Express & Certified Mail**
**RRR # 9414711899560741830654**
**RC Oglesby, District 1**
**Hart County Board of Commissioners**
**800 Chandler Street**
**Hartwell, GA 30463**

**Via Email, Federal Express & Certified Mail**
**RRR # 9414711899560741080004**
**Matthew Honiotes, Chair Person, District 2**
**Hart County School District**
**284 Campbell Drive**
**Hartwell, GA 30463-2223**

**Via Email, Federal Express & Certified Mail**
**RRR # 9414711899560741838902**
**Frankie Teasley, District 2**
**Hart County Board of Commissioners**
**800 Chandler Street**
**Hartwell, GA 30463**

**Via Email, Federal Express & Certified Mail**
**RRR # 9414711899560741081148**
**Kim Pierce, Vice Chair Person, District 3**
**Hart County School District**
**284 Campbell Drive**
**Hartwell, GA 30463-2223**

**Via Email, Federal Express & Certified Mail**
**RRR#9414711899560741836182**
**Marshall Sayer, District 3**
**Hart County Board of Commissioners**
**800 Chandler Street**
**Hartwell, GA 30643**

**Via Email, Federal Express & Certified Mail**
**RRR # 9414711899560741003232**
**Richard Sutherland, District 4**
**Hart County School District**
**284 Campbell Drive**
**Hartwell, GA 30463-2223**

**Via Email, Federal Express & Certified Mail**
**RRR# 9414711899560741834980**
**Ricky Carter, District for Vice Chair**
**Hart County Board of Commissioners**
**800 Chandler Street**
**Hartwell, GA 30643**

**Plaintiffs Exhibit**

**1**

**Via Email, Federal Express & Certified Mail**
**RRR# 9414711899560741780676**
**Joey Dorsey, District 5**
**Hart County Board of Commissioners**
**800 Chandler Street**
**Hartwell, GA 30643**

**Via Email, Federal Express & Certified Mail**
**RRR# 9414711899560741704849**
**Lydia Bennett, Principal**
**South Hart Elementary School**
**121 E&M Dairy Road**
**Hartwell, GA 30643**

**Via Email, Federal Express & Certified Mail**
**RRR# 9414711899560741707857**
**Brandon Johnson, Mayor of City of Hartwell**
**Hartwell City Hall**
**456 East Howell Street**
**Hartwell, GA 30643**

   Re:  Ante-Litem Notice of Claims
   Claimant: Amanda Haught as a parent and natural guardian of C.S. and R.S.
   Claim: Personal injuries resulting from sexual harassment and abuse by Brandon
        Cannon, teacher employed by Hart County School District
   Location: South Hart Elementary School and Brandon Cannon's residence

Dear Mayor, Superintendent, Principal and Commissioners,

   This law firm represents Amanda Haught as parent and natural guardian of CS and RS regarding claims against South Hart Elementary School, Hart County School District/Board of Education and others arising out of a sustained pattern of sexual misconduct and abuse on the part of a South Hart Elementary School teacher Brandon Cannon ("Cannon") which began during the 2016-2017 school year and continued until the fall quarter of 2017.

   Please accept this letter as anti-litem notice of claims against South Hart Elementary School and Hart County School District/Board of Education for the debilitating and permanent injuries sustained by CS and RS pursuant to OCGA § 36 -11 -1 et. seq. and any other laws and statutes and rules or regulations requiring the preservation of claims against governmental entities.

   At the times of the incidents, C.S. was 8 years old and 9 years old and RS was 7 and 8 years old. Pursuant to OCGA § 36 - 11 -1, minors such as CS and RS shall be allowed 12 months

from the time they reach majority in which to present their claims. Notwithstanding the safe harbor tolling provision for minors under OCGA § 36 -11-1, Amanda Haught is providing notice at this time.

A criminal investigation and trial in the Superior Court of Hart County is currently pending against Cannon, the subject sexual predator and abuser.

Specifically, at all times relevant, CS and RS's claims, occurred while they were both elementary school students at South Hart Elementary School, 121 E & M Dairy Road in Hartwell, Georgia. Both CS and RS were victims of a systematic and targeted pattern of sexual abuse by Cannon, a teacher at South Hart Elementary School and an employee of the Hart County School District. The repeated inappropriate sexual acts committed by Cannon resulted in extraordinary physical, emotional and mental distress suffered by both CS and RS. Cannon engaged in an intentional deliberate pattern of individualized treatment and attention to both C.S. and R.S. his students. This in turn allowed Cannon to prey upon these children and engage in a practice called "grooming" whereby he conditioned both CS and RS to trust him. Cannon then exploited these relationships with C.S. and R.S. by engaging in completely inappropriate abusive touching which reached the level of actual penetration with R.S., providing alcohol to RS, sleeping together with RS and CS, showering naked with RS, allowing CS to urinate in front of Cannon, showing his genitalia to both CS and RS, and going to the bathroom together with CS and RS at the same time. The reprehensible conduct committed by Cannon was known to have been committed by the principal of South Hart Elementary School.

The discovery of this unlawful behavior resulted in Cannons arrest on December 8, 2017 and his subsequent firing by the Hart County School District. Cannon currently awaits trial on multiple sexual abuse charges involving R.S. and C.S. which trial will be held in the Superior Court of Hart County.

While our investigation into the facts surrounding these grotesque incidents continues and is limited based on the pending criminal investigation and trial looming against Cannon and without waiving the right to assert additional or different bases for RS and CS's claims, at a later date, RS and CS's claims against the Hart County School District, include, but are not limited to: childhood sexual abuse under the Hidden Predator Act OCGA § 9-3-33.1, respondeat superior, negligent hiring, negligent training, negligent retention, negligent infliction of emotional distress, and federal claims under Title IX. The basis for liability against the Hart County School District is not only predicated upon its status as the employer of Cannon but also in the School District's aiding of Cannon's harassment and abuse by the authority granted to Cannon by the School District over RS and CS, their students.

In the event that Hart County School District does not satisfactorily resolve these claims, R.S. and C.S. by and through Amanda Haught their mother and natural guardian, intends to initiate a suit for the claims stated above. CS and RS's damages, include mental and physical pain and suffering, past and future medical expenses and all other compensatory, special and consequential damages, as permitted under applicable Georgia and Federal law, attorney's fees and punitive damages. Due to these unlawful acts, CS and RS suffer from extreme physical and emotional distress manifesting in mental health disorders and complications, learning disorders

and behavioral disorders.

Based on the foregoing, the amount of the losses claimed is $10,000,000.00.

Accordingly, demand is hereby made in the amount of $10,000,000.00 to resolve all of the claims asserted by Amanda Haught, as Parent and Natural Guardian of CS and RS.

If these claims cannot be settled without litigation, the amount above shall not be binding on the claimants and the recovery of a greater sum is permitted. Maryon v. City of Atlanta 149 Ga. 35 (1919).

If you contend this letter does not provide you with sufficient notice of claim pursuant to OCGA § 36-11-1 et. seq. or fails to comply with state statute, please advise within 10 days of receipt. Otherwise ,we will assume that we have provided sufficient notice for you to investigate and evaluate the claims as set forth above in compliance with the statutory notice requirements.

Please also accept  this ante-litem  notice as a request for all insurance policies, indemnification agreements or other such information that can potentially apply to these claims.

Should you have any questions please do not hesitate to contact us .

Very truly yours,

PENN LAW, LLC

James I. Seifter
Of Counsel

JIS/jkc
Cc: Amanda Haught

| Restricted Delivery? | Service Type |
|---|---|
| *(Extra Fee)* ☐ Yes | CERTIFIED |

Article Number

9414 7118 9956 0741 8349 80

9414 7118 9956 0741 8349 80

**COMPLETE THIS SECTION ON DELIVERY**

| A. Signature: (☐Addressee or ☐Agent) | B. Received By:  *(Please Print Clearly)* | C. Date of Delivery |
|---|---|---|
| X *[signature]* | | 11-2-18 |

D. Addressee's Address  *(If Different From Address Used by Sender)*

Secondary Address / Suite / Apt. / Floor     *(Please Print Clearly)*

Delivery Address

| City | State | ZIP + 4 Code |
|---|---|---|

Article Addressed To:

Ricky Carter, District for Vice Chair
Hart County Board of Commissioners
800 Chandler Street
Hartwell GA 30643-1117

Restricted Delivery?

*(Extra Fee)* ☐ Yes

Service Type

CERTIFIED

Article Number

9414 7118 9956 0741 8361 82

9414 7118 9956 0741 8361 82

**COMPLETE THIS SECTION ON DELIVERY**

| A. Signature: (☐Addressee or ☐Agent) | B. Received By: *(Please Print Clearly)* | C. Date of Delivery |
|---|---|---|
| X | | 11-2-18 |

D. Addressee's Address *(If Different From Address Used by Sender)*

Secondary Address / Suite / Apt. / Floor    *(Please Print Clearly)*

Delivery Address

City                    State          ZIP + 4 Code

Article Addressed To:

Marshall Sayer, District 3
Hart County Board of Commissioners
800 Chandler Street
Hartwell GA 30643-1117

---

Restricted Delivery?

*(Extra Fee)* ☐ Yes

Service Type

CERTIFIED

Article Number

9414 7118 9956 0741 7806 76

9414 7118 9956 0741 7806 76

**COMPLETE THIS SECTION ON DELIVERY**

| A. Signature: (☐Addressee or ☐Agent) | B. Received By: *(Please Print Clearly)* | C. Date of Delivery |
|---|---|---|
| X | | 11-2-18 |

D. Addressee's Address *(If Different From Address Used by Sender)*

condary Address / Suite / Apt. / Floor    *(Please Print Clearly)*

ry Address

State          ZIP + 4 Code

Article Addressed To:

Joey Dorsey, District 5
Hart County Board of Commissioners
800 Chandler Street
Hartwell GA 30643-1117

---

Restricted Delivery?

*(Extra Fee)* ☐ Yes

Service Type

CERTIFIED

Article Number

9414 7118 9956 0741 0032 32

9414 7118 9956 0741 0032 32

**COMPLETE THIS SECTION ON DELIVERY**

| A. Signature: (☐Addressee or ☐Agent) | B. Received By: *(Please Print Clearly)* | C. Date of Delivery |
|---|---|---|
| X Kay Adams | Kay Adams | 11/2/18 |

D. Addressee's Address *(If Different From Address Used by Sender)*

Secondary Address / Suite / Apt. / Floor    *(Please Print Clearly)*

Delivery Address

City                    State          ZIP + 4 Code

Article Addressed To:

Richard Sutherland, District 4
Hart County School District
284 Campbell Drive
Hartwell GA 30643-2223

Restricted Delivery? | Service Type
(Extra Fee) ☐ Yes | CERTIFIED

Article Number
9414 7118 9956 0741 7048 49

9414 7118 9956 0741 7048 49

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐Addressee or ☐Agent)
X _____

B. Received By: (Please Print Clearly)
Lydia Bennett

C. Date of Delivery
11-2-18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City                     State          ZIP + 4 Code

Article Addressed To:

Lydia Bennett Principal
South Hart Elementary School
121 EM Dairy Road
Hartwell GA 30643

Restricted Delivery? | Service Type
(Extra Fee) ☐ Yes | CERTIFIED

Article Number
9414 7118 9956 0741 8306 54

9414 7118 9956 0741 8306 54

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐Addressee or ☐Agent)
X _____

B. Received By: (Please Print Clearly)

C. Date of Delivery
11-2-18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

ery Address

City                     State          ZIP + 4 Code

Article Addressed To:

RC Oglesby, District 1
Hart County Board of Commissioners
800 Chandler Street
Hartwell GA 30643-1117

Restricted Delivery? | Service Type
(Extra Fee) ☐ Yes | CERTIFIED

Article Number
9414 7118 9956 0741 0800 04

9414 7118 9956 0741 0800 04

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐Addressee or ☐Agent)
X Kay Adams

B. Received By: (Please Print Clearly)
Kay Adams

C. Date of Delivery
11/2/18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City                     State          ZIP + 4 Code

Article Addressed To:

Matthew Honiotes, Chairperson, District 2
Hart County School District
284 Campbell Drive
Hartwell GA 30643-2223



| Restricted Delivery? | Service Type |
|---|---|
| **(Extra Fee)** ☐ Yes | CERTIFIED |

Article Number
9414 7118 9956 0741 0811 48

9414 7118 9956 0741 0811 48

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐Addressee or ☐Agent)
X *Kay Adams*

B. Received By: (Please Print Clearly)
*Kay Adams*

C. Date of Delivery
11/2/18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City     State     ZIP + 4 Code

Article Addressed To:
Kim Pierce, District 3
Hart County School District
284 Campbell Drive
Hartwell GA 30643-2223



| Restricted Delivery? | Service Type |
|---|---|
| **(Extra Fee)** ☐ Yes | CERTIFIED |

Article Number
9414 7118 9956 0740 2989 36

9414 7118 9956 0740 2989 36

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐Addressee or ☐Agent)
X *Kay Adams*

B. Received By: (Please Print Clearly)
*Kay Adams*

C. Date of Delivery
11/2/18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City     State     ZIP + 4 Code

Article Addressed To:
Lonnie Robinson, District 1
Hart County School District
284 Campbell Drive
Hartwell GA 30643-2223



| Restricted Delivery? | Service Type |
|---|---|
| **(Extra Fee)** ☐ Yes | CERTIFIED |

Article Number
9414 7118 9956 0741 7078 57

9414 7118 9956 0741 7078 57

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐Addressee or ☐Agent)
X *Harriet Hodgkin*

B. Received By: (Please Print Clearly)
HARRiet Hodgkin

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City     State     ZIP + 4 Code

Article Addressed To:
Brandon Johnson, Mayor of City
of Hartwell
Hartwell City Hall
456 East Howell Street
Hartwell GA 30643-2194



Restricted Delivery?
(Extra Fee) ☐ Yes

Service Type
CERTIFIED

Article Number
9414 7118 9956 0741 0048 71

9414 7118 9956 0741 0048 71

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐ Addressee or ☐ Agent)
X Kay Adams

B. Received By: (Please Print Clearly)
Kay Adams

C. Date of Delivery
11/2/18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City          State          ZIP + 4 Code

Article Addressed To:

Dennis Dowell, District 5
Hart County School District
284 Campbell Drive
Hartwell GA 30643-2223

---

Restricted Delivery?
(Extra Fee) ☐ Yes

Service Type
CERTIFIED

Article Number
9414 7118 9956 0740 2941 74

9414 7118 9956 0740 2941 74

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐ Addressee or ☐ Agent)
X Kay Adams

B. Received By: (Please Print Clearly)
Kay Adams

C. Date of Delivery
11/2/18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City          State          ZIP + 4 Code

Article Addressed To:

David Hicks, Superintendent
Hart County School District
284 Campbell Drive
Hartwell GA 30643-2223

| Restricted Delivery? | | Service Type |
|---|---|---|
| *(Extra Fee)* ☐ Yes | | **CERTIFIED** |

**Article Number**

9414 7118 9956 0741 8389 02

9414 7118 9956 0741 8389 02

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature:** (☐ *Addressee* or ☐ *Agent*)

X *Lawana Karen*

**B. Received By:** *(Please Print Clearly)*

**C. Date of Delivery**

11-2-18

**D. Addressee's Address** *(If Different From Address Used by Sender)*

Secondary Address / Suite / Apt. / Floor     *(Please Print Clearly)*

Delivery Address

City                     State          ZIP + 4 Code

**Article Addressed To:**

Frankie Teasley
Hart County Board of Commissioners
800 Chandler Street
Hartwell GA 30643-1117

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia ▢▾

| | |
|---|---|
| AMANDA HAUGHT, Parent and Natural Guardian of her minor children, CS and RS, <br><br> *Plaintiff(s)* <br><br> v. <br><br> HART COUNTY SCHOOL DISTRICT <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   HART COUNTY SCHOOL DISTRICT
c/o Superintendent, Jaybez Floyd
284 Campbell Drive
Hartwell, Hart County, Georgia 30643

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Darren W. Penn
Penn Law
4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*




My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*


                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| AMANDA HAUGHT, Parent and Natural Guardian of her minor children, CS and ) | HART COUNTY SCHOOL DISTRICT, |

| **(b)** County of Residence of First Listed Plaintiff   Duval County, Florida | County of Residence of First Listed Defendant   Hart County, Georgia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Darren W. Penn<br>Penn Law<br>4200 Northside Parkway, NW | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 and 20 U.S.C. § 1681

Brief description of cause:
violation of constitutional rights pursuant to Title IX; 42 USC Section 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 4/1/2022 | /s/ Darren W. Penn |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.